```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

REGINA K. HILL                       :
                                     :
v.                                   :   Civil No. WMN-05-254
                                     :
BRUSH ENGINEERED MATERIALS,          :
INC. et al.                          :

## MEMORANDUM

Before the Court is a Motion to Amend Complaint filed by Plaintiff Regina K. Hill. Paper No. 41. The motion is ripe for decision. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From 1992 to 2004, Plaintiff was employed as a dental technician at the Roy-L Dental Lab in LaVale, Maryland. Plaintiff alleges that while there, she performed various tasks involving beryllium-containing dental alloys, which produced respirable beryllium dust. In 2005, she was diagnosed with chronic beryllium disease.

On January 28, 2005, Plaintiff filed suit against Defendants Brush Engineered Materials, Inc. (BEMI), Brush Wellman, Inc. (Brush), Jensen Industries, Inc. (Jensen), and Pentron Laboratory Technologies, LLC, (Pentron). Defendant Brush is a manufacturer of beryllium and beryllium-containing products. Defendant BEMI is an Ohio-based holding company and Brush's parent company. Plaintiff alleges that Defendant Brush sold its products to Defendants Pentron Laboratory Technologies, LLC, (Pentron) and

Jensen Industries, Inc. (Jensen) and that these entities supplied beryllium-containing products to Roy-L Dental Lab.

Plaintiff claims that Defendants manufactured, assembled, or distributed beryllium-containing products used at Roy-L Dental Lab.  She claims workplace exposure to beryllium caused her to contract chronic beryllium disease.  Plaintiff's Complaint set forth four causes of action: negligence (Count I), strict liability (Count II), breach of warranty (Count III), and fraudulent concealment and civil conspiracy (Count IV).

On August 10, 2005, this Court issued an order in which it dismissed Plaintiff's claims against BEMI in their entirety, dismissed Count IV of the Complaint, and dismissed Plaintiff's claims for punitive damages.[1]  See Paper No. 38.  The Court dismissed Count IV after finding that the Plaintiff failed to plead her fraudulent concealment claim and civil conspiracy claim with adequate particularity as required by Federal Rule of Civil Procedure 9(b).  The Court granted Plaintiff leave to move to amend her Complaint.

## II.  DISCUSSION

The Court notes that there are four purposes of Rule 9's heightened pleading requirement: (1) it ensures that the

---

[1] While the Court finds that Plaintiff rehabilitated Count IV of her Complaint, she made no changes to her punitive damages claim and ¶ 48(d) will be stricken from the Amended Complaint. In addition, Plaintiff failed to remove BEMI as a defendant in the Amended Complaint.  The Court will strike ¶ 6 from the Amended Complaint, which names BEMI as a defendant, as well as any other allegations against BEMI that remain in the Amended Complaint.

defendant is put on sufficient notice of the conduct of which the plaintiff complains, (2) it protects defendants from frivolous suits, (3) it eliminates fraud claims in which all the facts are learned after discovery, and (4) it protects defendants from harm to their goodwill and reputation.  United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921-22 (4th Cir. 2003). Plaintiff's Amended Complaint does not run afoul of any of the above purposes.

In its August 10, 2005, Order, this Court found that although the Plaintiff's allegations met the general pleading requirements of Federal Rule of Civil Procedure 8, the heightened requirements of Rule 9 were not satisfied with respect to her fraudulent concealment claim:

> Plaintiff [] failed to specify: (1) the partial and fragmentary statements of fact that created a duty for Brush to speak, (2) who made the statements, (3) when the statements were made, and (4) how she came to rely on them.  To withstand dismissal, she needs to make these allegations with particularity and be especially clear about how and when she came to know of the partial disclosures noted in the Complaint and how she relied upon them.  See, e.g., Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1114 (D. Ariz. 2003) (stating that plaintiffs must allege with particularity how they relied on the truth of the partial statements representing fraudulent omissions).

Order 20.

Generally, silence is not actionable when there is no legal obligation to speak, but if "what is stated amounts to a partial or fragmentary disclosure, that misleads because of its incompleteness," the duty element of fraudulent concealment may be established.  Hoffman v. Stamper, 155 Md. App. 247, 305 (2004)

(rev'd on other grounds, 385 Md. 1 (2005)).  In the Amended Complaint, Plaintiff contends that in the 1970s Brush communicated and met with the medical director of the Japanese beryllium company, NGK Insulators, Dr. Shogo Shima.  Am. Compl. ¶ 44(a).  According to Plaintiff, from these contacts Brush was informed that chronic beryllium disease could be found in workers who were exposed to beryllium levels that were below the U.S. occupational threshold.  Id.  Plaintiff contends that despite this information, "[a]t all relevant times, [Brush], through its sales literature, public relations, training for its sales and marketing staff, warnings, and labels, continuously represented to its customers and to all parties in its distribution chain, including to [P]laintiff's employer, Roy-L Dental Labs, that the 2 microgram standard was safe for all persons, when it had actual knowledge that this standard was not safe for those susceptible to beryllium exposure."  Id. ¶ 14.

Plaintiff contends that "the partial and fragmentary statements of fact that created a duty for Brush to speak included public statements by Brush that the 2 microgram standard was safe for all persons when it knew that this standard was not safe for those susceptible to beryllium."  Pl.'s Reply 4.  In her Amended Complaint Plaintiff specifies that the statements were made in such materials as the company's sales literature, training manuals, and labels.  Am. Compl. ¶ 14.  In satisfying the second and third pleading requirements, who made the statements and when they were made, Plaintiff asserts that Brush

4

made the statements "at all relevant times."  Id. ¶ 14.

With respect to the reliance requirement of the fraudulent concealment claim, Plaintiff asserts in the Amended Complaint that:

> [a]t all relevant times, [she] relied upon her employer, who in turn relied upon [Brush's] broadly espoused, broadly disseminated statements in the marketplace and workplace, to provide her a safe work environment, and to train her on the hazards to which she was exposed and on how to use and work safely with the product.  Had plaintiff known the truth, that for decades [Brush] was hiding the risks from its workers, customers, and customers' workers, she would have elected to demand additional safety and health controls or sought other employment.

Am. Compl. ¶ 46.[2]  In its August 10 Order, the Court cautioned Plaintiff that she had to be "especially clear about how and when she came to know of the partial disclosures noted in the Complaint and how she relied upon them."  Order 20.  Defendant argues that Plaintiff failed to sufficiently plead the "reliance" requirement by admitting in her Amended Complaint that she relied upon her employer, who in turn relied upon Brush's statements.  Opp'n 7; Am. Compl. ¶ 46.  The Court repeats its finding in its August 10 Order that partial or fragmentary suppressions of truth may still constitute fraud if made to third parties.  See Order 13.  "'Maryland law has long allowed plaintiffs to sue for injuries caused by fraudulent misrepresentations made to third parties,' so long as the plaintiff could reasonably have been

---

[2] Paragraph 47 of the Amended Complaint also describes how Plaintiff relied on the partial disclosures of Defendant, but it provides no more information than supplied by paragraph 46.

5

expected to act or refrain from action in reliance upon the misrepresentation." Id. (quoting Maryland Nat. Bank v. Resolution Trust Corp., 895 F. Supp. 762, 772 (D. Md. 1995)). Plaintiff could reasonably have been expected to rely upon the alleged misrepresentations made by Brush to her employer and, as such, she pleads the reliance factor with the requisite specificity.

Because Plaintiff rehabilitated her fraudulent concealment claim, the amended conspiracy claim can be properly based on the tort of fraudulent concealment. See Order 22. "Conspiracy is not a tort on its own, but is dependent on some underlying tort that caused injury to the plaintiff." Id. at 15 (citing Estate of White v. R.J. Reynolds Tobacco Co., 109 F. Supp. 2d 424, 428 (D. Md. 2000)).

In the August 10 Order, the Court instructed Plaintiff that "for each conspiracy she must specifically allege the agreement itself, including its time, place, and the identity of the co-conspirators.  Plaintiff must also allege what Defendant Brush specifically did to carry the conspiracy into effect." Order 22. In the Amended Complaint, Plaintiff states that Brush "entered into an agreement with NGK Insulators to put forth a common public position that the 2 microgram standard was protective and to seek to prevent dissemination of all evidence to the contrary." Am. Compl. 15.  With this statement Plaintiff satisfies the time, place, and identity requirements of the heightened pleading standard.  In addition, Plaintiff alleges

6

three specific actions taken by Brush to carry out the conspiracy: Brush funded a scientific advisory committee that conducted industry approved research to counteract and discredit scientific evidence that beryllium was more dangerous than the companies acknowledged; Brush published its own text book with a chapter on beryllium health risks written by the former medical director of Brush stating that exposures to levels of beryllium below the federal safety limit have never caused illness in workers; and Brush created a Washington-based industry group to combat the dissemination of health and safety information concerning beryllium products.  Am. Compl. 15.  Thus, Plaintiff also satisfactorily specifies the manner in which Brush carried the conspiracy into effect and, as such, she has rehabilitated her civil conspiracy claim.

## III.  CONCLUSION

For these reasons, Plaintiff's motion to amend complaint will be granted.  A separate order consistent with this Memorandum will follow.

                       /s/

                 William M. Nickerson
                 Senior United States District Judge

Dated: January 5, 2006