IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINA K. HILL                  :
                                :
v.                              :   Civil No. WMN-05-254
                                :
BRUSH ENGINEERED MATERIALS,     :
INC. et al.                     :

**MEMORANDUM**

Before the Court is a Motion for Leave to File a Third Party Complaint filed by Defendant Pentron Laboratory Technologies, LLC ("Pentron").  Paper No. 73.  The motion is ripe for decision.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Pentron's motion will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 2005, Plaintiff Regina K. Hill filed suit against Defendant Pentron, a supplier of beryllium-containing products.[1]  Hill seeks compensation for injuries suffered as a result of an exposure to beryllium-containing dental alloys which occurred while she was employed as a dental technician at the Roy-L Dental Lab ("Roy-L") in LaVale, Maryland.

Roy-L is owned by Roy C. Levine, who is also the owner of the house in which the dental lab is located.  During her deposition on June 14, 2006, Hill testified that, for

---

[1] Hill also named as defendants Brush Wellman, Inc., a manufacturer of beryllium and beryllium-containing products, its parent company, Brush Engineered Materials, Inc., and Jensen Industries, Inc., a supplier of beryllium-containing products. On August 10, 2005, this Court dismissed Plaintiff's claims against Brush Engineered Materials in their entirety.  Paper No. 38.

approximately one year during the period in which she alleges to have been exposed to beryllium-containing products, she resided in a residential space in the house which contained the Roy-L Dental Lab.  Roy C. Levine and Roy-L served jointly as Hill's landlord during that time.

On November 6, 2006, Hill produced an expert report which found that, during the time of her residency in the house, "Ms. Hill and her children likely received significant beryllium exposure staying in the upper floor of the laboratory.  Since the house had just one ventilation system and since the control devices for the beryllium operations were ineffective, beryllium was present in the living quarters that she had at that time." Expert Report of John W. Martyny 11.  Based on this finding, Pentron now moves for leave to file a third-party complaint alleging negligence against Roy C. Levine and Roy-L.  Hill opposes the motion, contending that it is untimely and arguing that joinder of a third party defendant would prejudice all litigants in the case.

## II.  DISCUSSION

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice.  Rule 14(a) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a).

A third-party plaintiff must obtain leave of the Court to file a third-party complaint more than ten days after the serving of the original answer.  Id.  Whether leave should be granted to implead a third-party defendant is a "question addressed to the sound discretion of the trial court."  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1443 (2d ed. 1990).  In exercising its discretion, "the Court must balance the desire to avoid circuity of action and to obtain consistent results against any prejudice which the plaintiff might suffer from complication of the case, as well as considering whether there is any merit to the third party claims."  Johns Hopkins University v. Hutton, 40 F.R.D. 338, 346 (D. Md. 1966) (internal quotations omitted).

The third party complaint which Pentron seeks leave to file contains one count of negligence against Levine and Roy-L alleging rental of a residential space contaminated with Beryllium, failure to properly maintain the space, and failure to warn of the potential hazard.  The allegation that Levine and Roy-L contributed to Hill's injury by negligently exposing her to beryllium is sufficiently closely related to the allegations of the underlying complaint to justify impleader.  Considering that the allegations of the proposed third-party complaint are supported by the testimony of her own expert witness, Hill has not shown that the proposed complaint lacks merit.  Hill has also failed to show that the proposed complaint would so confuse the issues that a jury would have great difficulty in understanding

the claims.

Instead, Hill claims that granting Pentron's motion will result in prejudice to all litigants because the deadline for joining additional parties, November 18, 2006, had passed when Pentron filed its motion on December 9, 2006.  Further, Hill contends that Pentron's present effort to join a third-party is overdue because, from the time she and Levine were deposed, Pentron has known that she may have been exposed to beryllium as a resident in the house.

The Court finds that the judicial economy which will result from having all potentially responsible parties present in one proceeding outweighs any delay which might result from joinder. See 6 Wright, Miller & Kane, Federal Practice and Procedure § 1443 (noting that "[t]he mere enlargement of time required for the trial of the case is not itself adequate to cause dismissal of the third-party action").  Further, while an unreasonable delay by defendant in seeking impleader may constitute grounds for denial of the motion, no such delay has been presented here. Pentron has shown that, while it may have known that Hill was a resident in the house which contained the dental lab, it did not have expert testimony until November 6, 2006, that Hill was "exposed to beryllium in a manner that caused or contributed to her alleged disease."  Reply in Support of Mot. for Leave 2 (emphasis omitted).

## III.  CONCLUSION

For these reasons, Pentron's Motion for Leave to File a

Third Party Complaint will be granted.[2]  A separate order consistent with this Memorandum will follow.

                        /s/

                William M. Nickerson
                Senior United States District Judge

Dated: January 10, 2007

---

[2]  The Court also instructs the parties to confer and submit a proposed amended scheduling order reflecting the extensions of time now required as a result of the entry of the third-party defendants.