```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

REGINA K. HILL                    :
                                  :
v.                                :  Civil No. WMN-05-254
                                  :
BRUSH ENGINEERED MATERIALS,       :
INC. et al.                       :
```

## MEMORANDUM

Before the Court is Plaintiff's Motion for Leave to Amend Complaint. Paper No. 76. Defendants Pentron Laboratory Technologies, LLC (Pentron), Brush Wellman, Inc. (Brush), and Jensen Industries, Inc. (Jensen), have each opposed the motion, which is now ripe for decision. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Regina K. Hill filed suit against Defendants seeking compensation for injuries suffered as a result of an exposure to beryllium-containing dental alloys. Hill alleges that exposure to beryllium during her employment as a dental technician at the Roy-L Dental Lab (Roy-L) caused her to contract chronic beryllium disease. Defendant Brush is a manufacturer of beryllium and beryllium-containing dental alloys. Defendants Jensen and Pentron supplied Roy-L with beryllium-containing products.

In her original complaint, Hill set forth four causes of action: negligence against each Defendant (Count I), strict liability against each Defendant (Count II), breach of warranty

against each Defendant (Count III), and fraudulent concealment and civil conspiracy against Defendant Brush (Count IV).  On August 10, 2005, this Court dismissed Count IV, finding that Hill failed to plead her fraudulent concealment claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Hill v. Brush Engineered Materials, Inc., 383 F. Supp. 2d 814, 823 (D. Md. 2005).[1]  Hill's claim for punitive damages based on Count II was also dismissed for failure to specify facts supporting the conclusion that the act complained of was done with actual malice.  Id. at 824-25.  On January 5, 2006, this Court granted Hill's motion to amend the complaint, finding that Hill had rehabilitated her claim against Defendant Brush for fraudulent concealment and civil conspiracy.  Mem. & Order dated Jan. 5, 2006.[2]

Over the course of the past year, the parties have engaged in extensive discovery.  Based on facts uncovered during the discovery process, Hill now seeks leave to amend her complaint to add a cause of action for fraudulent concealment against both Jensen and Pentron, and to seek punitive damages against all Defendants.  Defendants argue that Hill's added causes of action would be futile and that grant of leave to amend would result in an undue prejudice.  They further contend that Hill remains

---

[1]  In that opinion, this Court also dismissed Plaintiff's claims against Brush Engineered Materials, Inc., the parent company of Defendant Brush.  Paper No. 38.

[2]  Additionally, on January 10, 2007, this Court granted Defendant Pentron leave to file a third party complaint, naming Roy C. Levine and Roy-L as third party defendants.  Paper No. 78.

incapable of satisfying the pleading requirements to seek an award of punitive damages.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Refusal of such leave, without a justifying reason, is not only an abuse of discretion, but is "inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). Denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original). "Delay alone is an insufficient reason to deny leave to amend . . . [r]ather, the delay must be accompanied by prejudice, bad faith, or futility." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

In determining whether amendment of the complaint would result in prejudice to the opposing party, the Court will examine the facts of the case and balance the hardship to the moving party if leave is denied against the injustice resulting to the party opposing the motion if leave is granted. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990). Determinations of futility under Rule 15(a) are governed by the standard for motions to dismiss.

3

Classen Immunotherapies, Inc. v. King Pharms., Inc., 403 F. Supp. 2d 451, 459 (D. Md. 2005). Thus, if the new allegations of the proposed second amended complaint fail to state a claim upon which relief can be granted under Rule 12(b)(6), Hill's motion for leave to amend would be denied. Id.

## III.  DISCUSSION

### A.  Fraudulent Concealment

Hill first alleges that facts uncovered in the discovery process support causes of action for fraudulent concealment against Pentron and Jensen. Under Maryland law, the elements of fraudulent concealment are: "1) that the defendant owed a duty to the plaintiff to disclose a material fact, 2) that the defendant failed to disclose that fact, 3) that the defendant intended to defraud or deceive the plaintiff, 4) that the plaintiff took action in justifiable reliance on the concealment, and 5) that the plaintiff suffered damages as a result of the defendant's concealment." Deckelbaum v. Cooter, Mangold, Tompert & Chapman, P.L.L.C., 292 B.R. 536, 540 (D. Md. 2003) (citing, inter alia, Green v. H & R Block, 735 A.2d 1039, 1059 (Md. 1999)). Additionally, Rule 9(b) of the Federal Rules requires that all averments of fraud "shall be stated with particularity."[3] See

---

[3]  As this Court previously noted, the heightened pleading requirement of Rule 9(b) is designed to (1) ensure that the defendant is put on sufficient notice of the conduct of which the plaintiff complains, (2) protect defendants from frivolous suits, (3) eliminate fraud claims in which all the facts are learned after discovery, and (4) protect defendants from harm to their goodwill and reputation. Mem. dated January 5, 2006 (citing United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921-22 (4th Cir. 2003)).

4

Breeden v. Richmond Community College, 171 F.R.D. 189, 195 (M.D.N.C. 1997) (stating "even in a case of fraudulent concealment or omission, a plaintiff must comply with the heightened pleading requirements of [Rule] 9(b)").

The duty element of concealment may be established when one party makes "a partial or fragmentary statement of fact." Estate of White ex rel. White v. R.J. Reynolds Tobacco Co., 109 F. Supp. 2d 424, 431 (D. Md. 2000).  In the proposed second amended complaint, Hill argues that, at the time of the alleged injury, both Jensen and Pentron were aware that exposure to beryllium could cause chronic beryllium disease, that exposures below 2 ug/m3 could result in the disease, that abrading of the surface of beryllium-containing materials could result in exposure to airborne beryllium particulate, and that 2 ug/m3 of airborne beryllium is in invisible to the human eye.  Proposed Second Am. Compl. ¶¶ 60, 70.  Hill contends that, despite its awareness of this information, Jensen made fragmentary and misleading statements including "a 1992 Material Safety Data Sheet (MSDS) sent to Roy-L that Jensen's beryllium-containing dental alloys are 'generally not considered hazardous'; and . . . a MSDS sent to customers, including Roy-L, before and until April 9, 1992 that, 'the normal machining of Beryllium Alloys does not pose a problem of exposure to airborne Beryllium.'" Id. ¶ 63. Hill claims that Pentron also made fragmentary and misleading statements including "2000 and 2003 MSDSs sent to the Dental Labs touting Pentron's products' 'biocompatibility & clinical safety',

5

and stating that Beryllium is merely 'suspected' of being a cause of 'progressive lung damage and disease.'" Id. ¶ 73.  These allegations, accepted in the light most favorable to Hill, establish a duty, created by partial and fragmentary statements of fact.  They also satisfy the second and third pleading requirements by specifically identifying who made the fragmentary statement and when they were made.[4]

With respect to the reliance requirement of the fraudulent concealment claim, Hill asserts that:

> [a]t all relevant times, [she] relied upon her employer, who in turn relied upon Jensen's broadly espoused, broadly disseminated statements in the marketplace and workplace, to provide her a safe work environment, and to train her on the hazards to which she was exposed and on how to use and work safely with the product.  Had plaintiff known the truth, that Jensen was hiding the risks from its customers, and customers' workers, she would have elected to demand additional safety and health controls or sought other employment that did not expose her to the risks of beryllium.

---

[4] Both Pentron and Jensen argue that Hill relies upon misleading and incomplete factual allegations to support the failure to disclose and intent to deceive elements of her fraudulent concealment claim.  See Pentron Opp'n 8-10; Jensen Opp'n 6-10.  Those arguments, however, are based on Pentron's and Jensen's interpretation of the evidence revealed during the discovery process, an interpretation which Hill refutes.  Because it is possible that a jury could reasonably find that the facts alleged support Hill's allegations, the determination of whether failure to disclose and intent to deceive existed will be left for resolution at trial.  See Md. Nat. Bank v. Resolution Trust Corp., 895 F. Supp. 762, 771-72 (D. Md. 1995).

6

Id. ¶ 64.[5]  Both Pentron and Jensen allege that Hill's deposition testimony establishes that she did not directly rely upon the allegedly misleading warnings.  Jensen Opp'n 11; Pentron Opp'n 11-14.  Hill, however, alleges that she could reasonably have been expected to rely upon the alleged misrepresentations made to her employer by Pentron and Jensen.  Because "Maryland law has long allowed plaintiffs to sue for injuries caused by fraudulent misrepresentations made to third parties, so long as the plaintiff could reasonably have been expected to act or refrain from action in reliance upon the misrepresentation[,]" the Court finds that Hill has satisfied the reliance factor with the requisite specificity.  See Mem. date Jan. 5, 2006 (citing Md. Nat. Bank v. Resolution Trust Corp., 895 F. Supp. 762, 772 (D. Md. 1995)).  The adequacy of Hill's pleading with regard to damages is not challenged.  Thus, the Court finds that Hill has pled a claim of fraudulent concealment against Pentron and Jensen sufficient to overcome a futility challenge.

   B.  Punitive Damages

In the proposed second amended complaint, Hill attempts to revive her claim for punitive damages against all Defendants based on her strict liability and fraudulent concealment claims.  In Maryland, a plaintiff seeking punitive damages for any tort must "allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with

---

[5] Hill's proposed complaint also includes a nearly identical allegation of reliance with respect to Pentron's alleged misrepresentations.  Proposed Second Am. Compl. ¶ 74.

actual malice." Scott v. Jenkins, 690 A.2d 1000, 1008 (Md. 1997).  To plead malice under a products liability claim, a plaintiff must allege facts supporting "(1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect." Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 653-54 (Md. 1992).  Under a fraud claim, actual malice is established by showing "a person's actual knowledge that his statement is false, coupled with his intent to deceive another by means of that statement[.]" Ellerin v. Fairfax Savings, F.S.B., 652 A.2d 1117, 1129 (Md. 1995).

Hill's proposed amended complaint alleges facts sufficiently specific to support a claim for punitive damages under both her strict liability and fraudulent concealment claims.  Unlike the allegations of the initial complaint, with respect to Pentron, Hill now alleges that, throughout the 1970s and 1980s, Pentron's officials acquired actual knowledge that beryllium posed a serious inhalation risk and that grinding beryllium produced respirable particulate levels which exceeded recognized safety standards and that Pentron deliberately failed to warn of these potential dangers. Compare Compl. Dated Jan. 28, 2005, ¶ 31, with Proposed Second Am. Compl. ¶¶ 33(a-g), 76(a-g).  Further, Hill alleges that throughout the 1990s, Pentron has intended to deceive consumers by publicly denying the known dangers of beryllium and continuing to inadequately warn consumers, despite the existence of more detailed warnings which were being supplied

by Pentron's competitors.  Id.

With respect to Jensen, Hill supports her claims for punitive damages by alleging facts based, in part, on deposition testimony of Jensen's corporate designee.  Mot. for Leave to Am. 4-6.  Unlike her original complaint, Hill now alleges that Jensen had actual knowledge in 1992 that exposure to beryllium particulate could cause chronic beryllium disease and that, despite this knowledge, Jensen failed to disclose this information in its MSDSs.  Compare Compl. Dated Jan. 28, 2005, ¶ 31 with Proposed Second Am. Compl. ¶¶ 33(a-e), 66(a-e).  Hill alleges that Jensen knew that its suggestion that consumers employ "local ventilation" while working with beryllium-containing alloys was inadequate and that Jensen's scientific literature and technical manual intentionally understated the harm posed from working with beryllium-containing products.  Id.

In reviewing the factual allegations supporting Hill's claim for punitive damages against Brush, the Court finds Hill has satisfied the specificity requirements of Maryland law.  In direct support of her punitive damages claim, Hill alleges that, through communications and meetings with the medical director of its competitor, Brush gained actual knowledge in the 1970s that exposure to beryllium below the Atomic Energy Commission's recommended limit could cause of chronic beryllium disease. Proposed Second Am. Compl. ¶¶ 37(a-e), 56(a-e).  Despite this knowledge, Brush actively mislead its customers as well as the Occupational Safety and Health Administration regarding

9

appropriate safety levels for exposure to beryllium.  Id. Additionally, Brush's own's safety data sheets and warnings materials misstated the potential harm of beryllium exposure. Id.  In her initial complaint, Hill failed to allege, even generally, facts sufficient to support a finding of malice.  See Compl. Dated Jan. 28, 2005, ¶¶ 31, 47.  While some of the specific facts now alleged were presented generally in Hill's first amended complaint, in finding that Hill failed to meet the pleading requirements for punitive damages, the Court noted that Hill had made no changes to her punitive damages claim, thus failing to specify facts directly supporting that claim.  See First Am. Compl. ¶ 48; Mem. dated Jan. 5, 2006, 2 n.1.  Unlike her previous pleadings, in her proposed second amended complaint, Hill has marshaled both previously alleged and newly alleged facts directly supporting her claim for punitive damages and has stated them in a manner sufficient to comply with the pleading requirement articulated in Scott.  See Proposed Second Am. Compl. ¶¶ 37(a-e), 56(a-e); Scott, 690 A.2d at 1008.

Finally, each Defendant has alleged that undue prejudice will result from the granting of Hill's motion.  With respect to the added fraudulent conveyance claims against Defendants Pentron and Jensen, the Court finds that the issues raised in those claims are not sufficiently remote from the other issues in the case so as to create an injustice to those Defendants.  See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (noting that, where issues raised

10

in the proposed amendment would unduly complicate the issues or burden the defendant, denial may be appropriate); <u>Ward Elecs. Serv., Inc. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987) (noting that "a change in the theory of recovery . . . [is] not sufficient to justify denial of leave to amend"). Further, any minor prejudice that may result from the addition of these claims can be offset by a limited extension of the discovery period to allow Defendants time to adequately prepare to rebut Hill's allegations.[6]  Further, the Court notes that no undue prejudice results from allowing Hill to amend her complaint to seek punitive damages.  <u>See</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1487 (noting that a plaintiff typically will not be precluded "from adding a claim to an otherwise proper complaint simply because that amendment may increase defendant's potential liability").

**IV.  CONCLUSION**

For these reasons, Hill's Motion for Leave to Amend Complaint will be granted.  A separate order consistent with this Memorandum will follow.

---

[6]  The Court notes that, in light of the instant decision and the recent joinder of Roy C. Levine to this action, amendment to the current scheduling order may be appropriate.  The Court has received counsels' recommended changes, although it has yet to receive comment from Mr. Levine.  To resolve the pending requests to alter the current schedule, the Court will hold a status conference with the parties, the details of which are set out in the accompanying Order.

11

                                                                                       /s/

                                          William M. Nickerson  
                                          Senior United States District Judge

Dated: February 7, 2007